United States District Court
Southern District of Texas
**ENTERED**
March 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH BABINO, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-24-1870 |
| HARRIS COUNTY, *et al.*, | § § § | |
| Defendants. | § § § § | |

## MEMORANDUM AND ORDER

Joseph Babino alleges that while he was a pretrial detainee in the Harris County Jail, another detainee, Christopher Spears, threw boiling water on him after he and Spears had an argument over Spears's conduct towards a female guard. Babino sues Harris County under 42 U.S.C. § 1983, alleging a failure to protect in violation of the Fourteenth Amendment.

The court previously found that Babino's First Amended Complaint failed to state a claim for municipal liability under § 1983 and dismissed the claims with leave to amend as to Harris County but not as to two individual jail officers. (Docket Entry No. 20). Babino amended his complaint, (Docket Entry No. 22), and Harris County again moved to dismiss. (Docket Entry No. 23). The Second Amended Complaint does not fix the deficiencies pointed out in the Memorandum and Opinion dismissing the First Amended Complaint. (Docket Entry No. 20). The Second Amended Complaint still fails to plead facts that could show a pattern or practice of permitting detainee-on-detainee violence.

The Second Amended Complaint alleges four incidents of detainee-on-detainee violence from 2016 to 2021. (Docket Entry No. 22 ¶¶ 28-31). The Complaint also alleges six other incidents in 2023, the year after Babino was attacked by Spears. (*Id*. ¶¶ 32-37). As the court stated in its Memorandum and Opinion, Babino must allege facts showing a sufficient number of similar incidents prior to the incident he alleges violated his constitutional rights to put Harris County on notice of the risk of constitutional injury. *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010).

Babino points to one out-of-circuit case in which five prior constitutional violations were sufficient to show a pattern or practice. (Docket Entry No. 25 at 3). The case law in this circuit, however, makes clear that four prior incidents in the five years before the incident at issue are not enough to show a pattern or practice. Even considering the six incidents in the year after Babino was injured, ten incidents over a seven-year span is insufficient to show a pattern or practice. *See, e.g.*, *Pinedo v. City of Dallas, Tex*., 2015 WL 5021393 (N.D. Tex. Aug. 25, 2015) (holding that ten similar constitutional violations over a six-year period were insufficient to show a pattern or practice). This is particularly so considering the size and inmate population of the Harris County Jail. *Cf. Moreno v. City of Dallas*, No. 3:13-CV-4106-B, 2015 WL 3890467, at *9 (N.D. Tex. June 18, 2015) ("facts suggesting an average of less than two incidents of excessive force per year over the course of five years are not sufficient to indicate a pattern of abuse" considering the size of the Dallas police force).

As to Babino's failure-to-train claim, Harris County argues, and the court agrees, that Mr. Babino's Second Amended Complaint fails to allege facts sufficient to state a claim for deliberate indifference to his safety. "Deliberate indifference is an extremely high standard to meet … [which] 'cannot be inferred merely from a negligent or even a grossly negligent response to a

substantial risk of serious harm.'" *Stapleton v. Lozano*, 125 F.4th 743, 749 (5th Cir. 2025) (citing *Thompson v. Upshur Cnty., TX*, 245 F.3d 447, 459 (5th Cir. 2001). In the failure-to-train context, "a pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (quoting reference omitted). Because Babino cannot show a pattern of similar prior constitutional violations, he cannot show deliberate indifference.

Babino's Second Amended Complaint also fails to state a claim for ratification of unconstitutional policies or practices. He still fails to plead facts that could show that the relevant policymaker—the Sherriff—approved both a subordinate's decision and the unconstitutional basis for it. *See Torres v. City of Houston*, 2012 WL 6554157, at *3 (S.D. Tex. Dec. 14, 2012). Nor does Babino allege facts that are sufficiently "extreme" as to give rise to a ratification claim. *See World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009) (suggesting that ratification could occur when a supervisor explicitly defended a subordinate's actions and "the subordinate's actions are sufficiently extreme—for instance, an obvious violation of clearly established law").

Babino's Second Amended Complaint alleges what appears to be a new state-law negligence claim. He alleges that "[t]he persistent failure of Harris County Jail to enforce effective measures for the supervision, separation, and safety of detainees demonstrates a blatant disregard for detainee welfare and constitutional obligations. This negligence has created an environment where detainee-on-detainee violence occurs so frequently that it is viewed by detainees as implicitly tolerated by jail officials." (Docket Entry No. 22 ¶ 84). It is well established that a § 1983 claim cannot be based on negligence. *See Duncan v. Farren*, 2012 WL 811518, at *4 n. 3 (N.D. Tex. Mar. 12, 2012); *Eason v. Thaler*, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence

is not a theory for which liability may be imposed under section 1983."). And a municipality cannot be held vicariously liable for the negligent acts of its employees under § 1983. *See Meyers v. LA Porte Indep. Sch. Dist.*, 2007 WL 7119878, at *2 (S.D. Tex. Apr. 25, 2007), *aff'd*, 277 F. App'x 333 (5th Cir. 2007)

Babino has had three opportunities to meet his pleading burden. He still has not done so. His § 1983 claims against Harris County are dismissed, with prejudice, because amendment would be futile. Because all the claims have now been dismissed, an order of final judgment is separately entered.

SIGNED on March 13, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge